IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY BEATTY,                          :

    Plaintiff,                        :

v.                                       :
                          Civil Action No. GLR-12-1148

BAC HOME LOANS SERVICING,                :
LP, et al.,
                             :

    Defendants.                       :

                             :

**<u>MEMORANDUM OPINION</u>**

Pending before this Court is a Motion to Dismiss Plaintiff Gregory Beatty's Complaint filed by Defendants Bank of America, N.A. ("BANA"), individually and as a successor by merger to BAC Home Loans Servicing, LP ("BACHLS"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively the "Defendants"). (ECF No. 7). Mr. Beatty has filed an Opposition to the Motion. (ECF No. 12). The issues have been fully briefed and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2011). For the reasons that follow, Defendants' Motion to Dismiss will be granted.[1]

_____

[1] Mr. Beatty has filed several Motions to Proceed with Trial. (<u>See</u> ECF Nos. 10, 15, 17, 19, 21, 24). These Motions will be denied by operation of law based upon the granting of Defendants' Motion to Dismiss. Mr. Beatty has also sued fictitious Defendants Jane and John Doe. These Defendants will be dismissed outright pursuant to the Federal Rules because these "Defendants" do not exist. Finally, the Court summarily

## I.   BACKGROUND

On April 14, 2012, Mr. Beatty filed the present Complaint against the Defendants alleging tortious conduct, breach of contract, and violation of various statutes arising from the foreclosure on a home he owned in Randallstown, Maryland.  This is the second such lawsuit arising out of the same facts and circumstances.  On August 16, 2010, the Plaintiff filed a prior complaint making the same underlying factual allegations. See Beatty v. BAC Home Loans Servicing, LP, No. 10-CV-2229-RDB, ECF No. 1. (D.Md. Dec. 9, 2011).

As in the previous case, Mr. Beatty alleges that he received a residential mortgage loan of $224,574.00 by executing a Note and Deed of Trust secured by his property in Randallstown.  He argues that the Defendants misapplied a mortgage payment, which subsequently caused an erroneous foreclosure proceeding to be instituted against him.  He further contends that the Defendants improperly canceled his homeowners insurance.  At bottom, each and every cause of action in the present Complaint arises from these basic facts and circumstances.

---

rejects Mr. Beatty's argument regarding a lack of due process as it is wholly without merit and belied by the record and evidence in this case.

On June 21, 2011, subsequent to discovery in the first case, this Court granted summary judgment in favor of Defendant BAC Home Loan Servicing, LP, a named Defendant in the present action.  See Beatty v. BAC Home Loans Servicing, LP, No. 10-CV-2229-RDB, ECF Nos. 28, 29 (D.Md. Jun. 21, 2011).  The Court found that the provisions of the loan agreement did not support a breach of contract claim based upon the misapplication of Mr. Beatty's mortgage payment.  Further, the Court found that while Mr. Beatty's payments were misapplied, they were later applied properly upon revelation of the mistake.  The Court also found that Defendant BAC did not violate any contract with the Plaintiff based upon the cancellation of the homeowners insurance.  Accordingly, summary judgment was granted in favor of BACHLS.  Id.  Mr. Beatty subsequently appealed the decision of this Court to the Fourth Circuit Court of Appeals, which affirmed the decision of the district court.  See Beatty v. BAC Home Loans Servicing, LP, No. 11-1724 (4th Cir. Nov. 17, 2011).

Defendants now move to dismiss the present action in this case for two reasons.  First, Defendants argue that the present claims are barred by res judicata and collateral estoppel.  Second, they argue that the pleadings in the Complaint fail to meet the pleading requirements outlined in Federal Rule of Civil Procedure 8(a), and thus, pursuant to Rule 12(B)(6), the

Complaint fails to state a claim upon which relief can be granted.

Mr. Beatty filed an Opposition to Defendants' Motion to Dismiss. The Opposition, however, fails to address any of the arguments made by Defendants. Instead, the Opposition merely notes that (1) the earlier complaint filed is "totally different"; (2) the present Complaint is a "separate complaint"; and (3) Mr. Beatty was not given "due process" because he is a "pro se litigant." (Pl.'s Opp'n at 1, ECF No. 9).

## II. DISCUSSION

### A. Plaintiff's Claims are Barred by Res Judicata and Collateral Estoppel

The Court grants Defendants' Motion to Dismiss because the Complaint is barred by the doctrines of res judicata and collateral estoppel.

> The doctrine of res judicata bars the relitigation of a claim if there is a final judgment in a previous litigation where the parties, the subject matter, and the causes of action are identical or substantially identical as to the issues actually litigated and to those which could have or should have been raised in previous litigation.

See Anne Arundel Cnty. Bd. of Educ. v. Norville, 887 A.2d 1029, 1037 (Md. 2005). The doctrine of res judicata "is a final bar to any other law suit upon the same cause of action, and is conclusive, not only as to all matters that have been raised in the original suit, but as to all matters which with propriety

4

could have been litigated in the first suit." Id. at 1036.   In addition, under Maryland law, the doctrine of collateral estoppel operates to bar a party from relitigating an issue that was already litigated in another action.   See Culver v. Md. Ins. Comm'r., 931 A.2d 537, 542 (Md.Ct.Spec.App. 2007).

For the doctrine of res judicata to apply, four prerequisites must be met:   (1) the issue decided in the previous litigation must have been identical to the one in question in the current litigation; (2) there must be a final judgment on the merits; (3) the party against whom the claim is asserted was either a party to the prior litigation or was in privity with a party to that litigation; and (4) the party against whom the claim is asserted must have been given a full and fair opportunity to be heard on the issue.   Wash. Suburban Sanitary Comm'n. v. TKU Assocs., 376 A.2d 505, 514 (Md. 1977).

Applying the doctrine of res judicata to the facts and circumstances in the present case, it is clear that the current litigation involves the same party, BAC Home Loans Servicing, LP, and identical, or substantially identical, subject matter and causes of action, which were unsuccessfully litigated in the first case.   Further, although Mr. Beatty adds additional Defendants and causes of action to the present Complaint, these matters, including these Defendants, and the issues related to them, could have been litigated in the first lawsuit.   As a

result, based upon Defendants' Motion and Opposition thereto, the doctrine of <u>res</u> <u>judicata</u> applies and Mr. Beatty's Complaint will be dismissed on that ground.

Similarly, Mr. Beatty's present claim for breach of contract must also be dismissed under the doctrine of collateral estoppel.  This allegation was thoroughly litigated in the previous case, judgment was granted in the Defendants' favor, and the decision was affirmed on appeal.  As a result, the breach of contract claim is barred by the doctrine of collateral estoppel and must be dismissed in its entirety.

**B.   <u>Plaintiff's Claims Must be Dismissed for Failure to Comply With Federal Rule of Civil Procedure 8(a) and 12(b)(6)</u>**

**1.   Standard of Review**

Rule 8(a)of the Federal Rules of Civil Procedure states in pertinent part that a pleading stating a claim for relief must contain "[a] short and plain statement of the claims showing that the pleader is entitled to relief . . . ."  Defendants argue that Mr. Beatty's Complaint should be dismissed pursuant to Rule 12(b)(6) in that it fails to state a claim upon which relief can be granted.

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 561

(2007) (internal citations omitted); see Fed.R.Civ.P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 550 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555. A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." Iqbal, 550 U.S. at 678 (internal citations omitted).

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." Id.; Twombly, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 550 U.S. at 678; Twombly, 555 U.S. at 556.

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. Labram

v. Havel, 43 F.3d 918, 921 (4th Cir. 1995).  Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response.  Twombly, 550 U.S. at 556 n.3.

       **2.   Analysis**

The Court finds that Mr. Beatty's Complaint fails to state a claim upon which relief can be granted for four reasons. First, Defendants correctly point out that Maryland does not recognize torts of negligence in contract cases under the circumstances presented here.  See Kuechler v. Peoples Bank, 602 F.Supp.2d 625, 635 (D.Md. 2009) (dismissing claims for negligent misrepresentation and breach of fiduciary duty on this basis); see also Am. Tank Transp., Inc. v. First People's Cmty. Fed. Credit Union, No. HAR 94-459, 1995 WL 45676, at *5 (D.Md. Jan. 11, 1995) (dismissing negligence claim because there was no showing that duty of care existed for bank's customers). Secondly, Mr. Beatty failed to meet the heightened pleading requirements as outlined in Federal Rule of Civil Procedure 9(b) in alleging fraud.  Thirdly, Mr. Beatty's Complaint for violation of the revenue tax code or other statutory codes outlined therein fails because, as Defendants correctly point

out, those statutes do not exist.   Finally, Mr. Beatty's alleged facts do not support any breach of implied covenant of good faith or fair dealing.   As a result, the balance of Mr. Beatty's allegations and causes of action will be dismissed outright, pursuant to Rule 12(b)(6).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, GRANT Defendants' Motion to Dismiss with prejudice. (ECF No. 7).

Entered this 23rd day of August, 2012

/s/

_____
George L. Russell, III
United States District Judge